## THE STATE v. WILL TURNER, Appellant.

Division Two, March 4, 1924.

1. **SEARCH AND SEIZURE: Lawful Arrest: Gambling: Entry of Premises: Discovery of Liquor.** The sheriff has a right, without a warrant, to arrest any one committing an offense in his presence and view, and to enter the room where he sees, through a window, the offense, in this case a gambling game, being conducted; and having entered the room and arrested defendant for the gambling offense, he had a right to search him and the premises where the law was being violated, and if in such search he finds a jug of whiskey the evidence he thus obtains can be used against defendant in a prosecution for having intoxicating liquor in his possession. Being lawfully upon the premises, the officer saw the whiskey in defendant's possession, and therefore the offense of unlawfully possessing the intoxicating liquor was committed in the officer's presence, and he had a right to seize it, and the State to produce it in evidence.

2. **SEARCH WARRANT: Unreasonable Search.** It is "unreasonable" search and seizure that the Constitution prohibits. The presence or absence of a search warrant does not necessarily determine the lawfulness of a search. Where officers lawfully entered upon de-

fendant's premises, because they saw him violating the law against gambling, and lawfully put him under arrest for that offense, they did not require a search warrant to discover intoxicating liquor in plain view, and there is no question of unlawful or unreasonable search in the case, in the trial of defendant of the offense of having such liquor in his possession.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Mayes & Gossom* for appellant.

Under the evidence offered and the admissions made on the hearing of the motion of defendant to suppress evidence, the search of defendant's private dwelling was unlawful, and the motion should have been sustained. State v. Hyde, 248 S. W. 920; Mattingly v. Commonwealth, 247 S. W. 938.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

(1) The information follows the language of the statute; is filed by a Special Assistant Attorney-General, lawfully authorized, and is sufficient. Sec. 6588, Laws 1921, p. 414; Sec. 6596, R. S. 1919. (2) A sheriff or his deputy, as other peace officers, may arrest without a warrant for a misdemeanor committed in his presence or upon probable cause to believe the one arrested guilty of a felony. State v. Pritchett, 219 Mo. 696, 706; State v. Grant, 79 Mo. 113, 134, 49 Am. Rep. 218; State v. Cushenberry, 157 Mo. 168, 181; State v. Whitly, 183 S. W. 317; Wehmeyer v. Mulvihill, 150 Mo. App. 197, 207. (3) The authority of an officer to make an arrest carries with it, as an incident to that authority, to be exercised in connection therewith, the duty to search the person arrested and the place where he was found for the purpose of discovering evidence of the crime for which he was arrested, and if such evidence is found, to take it into possession. Holker v. Hennessey, 141 Mo. 527, 539; Argetakis v. State, 212 Pac. (Ariz.) 372; State v. Laundy, 204 Pac. (Ore.) 958; State v. Mausert, 95 Atl. (N. J.) 991;

Hughes v. State, 238 S. W. (Tenn.) 588. (4) Where the officer is lawfully on the premises and sees evidence of violation of the liquor laws, the seizure of such evidence does not violate the constitutional rights of the defendant. State v. Magnano, 117 Atl. (Conn.) 550; Green v. State, 241 S. W. (Tex. Crim. App.) 1014; Bowling v. Com., 194 Ky. 112; State v. Llewellyn, 205 Pac. (Wash.) 395; Salt Lake City v. Wight, 205 Pac. (Utah) 900.

WHITE, J.—Appeal from judgment rendered in the Circuit Court of Pemiscot County, upon verdict of a jury, April 11, 1923, finding the defendant guilty of having in his possession intoxicating liquor in violation of Section 6588, Revised Statutes 1919, as amended by the Laws 1921, page 414, and assessing the defendant's punishment at a fine of one thousand dollars, and imprisonment for one year in the county jail.

In making out its case the State swore Deputy Sheriff T. L. Mathis, of Pemiscot County, who testified that January 13th he and four other officers saw a crowd of darkies going into defendant's house, and through a window saw darkies shooting craps. A gambling game, plain to observation, was in progress. The officers entered the room and found upon a table, used for the purpose of the game, a "take-off box" a technical term, not explained. The officers inquired who was running the game, and in pursuing that inquiry found the defendant, Will Turner, "in the other room," and arrested him for running a gambling house.

In that room the officer saw a door standing open and saw a jug which contained white corn whiskey. The State showed also that Turner, after his arrest, claimed the money in the "take-off box" used in connection with the crap game. To other deputy sheriffs corroborated the statement of Mathis. The Sheriff of Pemiscot County testified that he examined the contents of the jug discovered by the deputies, and found it contained corn whiskey.

The defendant denied that he had anything to do with the crap game, or that he claimed the money in the take-off box; denied that the part of the house which

he occupied had any connection with that part in which the crap game was in progress, or that it was under his control. The jury, on this evidence, found the defendant guilty, as stated.

I.   This court is given jurisdiction by a motion filed before trial on March 20, 1923, wherein the defendant asked the trial court to quash a search warrant, and to suppress evidence obtained by the sheriff by reason of an unlawful search in violation of Section 11, Article II, of the Constitution of the State of Missouri. In the motion no specific defect in the search warrant was pointed out, and no search warrant was introduced. On the contrary the State made an admission which indicated that whatever search may have been made was made without a warrant. The court then took evidence offered by the defendant upon his motion to suppress. The defendant and others swore to facts indicating that his premises were entered without authority, and the possession of the liquor discovered by that unlawful proceeding. Manifestly the trial court did not believe the evidence offered, for it overruled the motion and appellant assigns error to the ruling. The State offered no evidence on the motion.

*Search Warrant.*

II.   Through the window the sheriffs saw in operation the violation of law—a crap game—and had a right, without a warrant, to arrest anyone connected with it, the offense being committed in their presence and view. The defendant was arrested in connection with the conduct of the gambling operation; although he denied his connection with it, the evidence is sufficient to sustain a finding that he was operating a crap game. The officer, being on the premises, had authority to arrest him. The evidence also is conflicting as to whether the rooms of the house were under different control. The finding on this point was in favor of the State, so that the entry upon all premises by the officers was entirely lawful. [Brennan v. Dierker, 101 Mo.

*Lawful Entry.*

App. 636, l. c. 643; State v. Holcomb, 86 Mo. 371, l. c. 380.]

III.   The defendant being under lawful arrest the officers had a right to search his person and the premises

Lawful Search.

where they saw him violating the law.   [Holker v. Hennessey, 141 Mo. 527, l. c. 539; State v. Jeffries, 210 Mo. 302, l. c. 325; State v. Pomeroy, 130 Mo. 489.]

IV.   The officers being lawfully upon the premises, saw the whiskey in the possession of the defendant and

Possession of Whiskey.

therefore the offense of unlawfully possessing the liquor was committed in their presence and they had a right to seize it and produce it in evidence.   [Lambert v. United States, 282 Fed. 413; United States v. Snyder, 278 Fed. 650; O'Connor v. United States, 281 Fed. 396.]

The presence or absence of a search warrant does not necessarily determine the lawfulness of a search. It is *unreasonable* searches and seizures that the Constitution prohibits.   In this case the officers were lawfully upon the defendant's premises, because they saw a violation of the law in which he was participant.   Lawfully they put him under arrest; there was no search; it did not require a search to discover the liquor in question, it was in plain view.

Hence if there were merit in the motion to suppress evidence obtained unlawfully, the State on the trial offered no evidence of that character.

V.   In the motion for new trial error is assigned to all instructions given on behalf of the State, six in number.   Those instructions defined the offense and required a finding of every fact necessary in order to establish the defendant's guilt.   No specific objection is pointed out in the motion.

The motion in arrest attacks the information in general terms, without pointing out any specific defect. It is sufficient under the statute.

In view of the severe penalty imposed upon the defendant, we have examined the record with great care so as to be sure he was given every benefit the law allows. We find that he was tried fairly and no injustice was done him in any manner. The heavy penalty fixed indicates that the jury regarded his guilt beyond question.

The judgment accordingly is affirmed. *David E. Blair, P. J.,* concurs; *Walker, J.,* doubtful as to jurisdiction.

Headnote 1:   Intoxicating Liquors, 33 C. J. sec. 376;   Arrest, 5 C. J. secs. 28, 31.   Headnote 2:   Intoxicating Liquors, 33 C. J. sec. 376; Searches and Seizures, 35 Cyc. 1265 (1926 Anno), 1269.