THE STATE v. TONY BARRELLI, Appellant.—296 S. W. 413.

Division Two, June 23, 1927.

**1.  SEARCH WARRANT: Insufficient Description of Place.** A search warrant describing the whole building, which is in part occupied by others, is too general. To describe a lot by street and number, a part of which is occupied by uncharged persons and on which the contraband is found, and another part of which is occupied by defendant and on which no contraband is found, is to include different places in the one description, and is to fail to comply with the constitutional requirement that the place be described "as nearly as may be."

**2.  ————: ————: By Street and Number: Occupied by Different Persons.** An application and a search warrant which describe the premises to be searched as "a two-story brick building, the basement beneath the same and all structures, barns, sheds, garages, outhouses in the rear of same and all buildings located in and upon the premises at 315 Cherry Street, Kansas City, Missouri," and recite that intoxicating liquor is being unlawfully manufactured, sold, stored and kept there, do not contain a description "as nearly as may be," where defendant was a tenant occupying the first floor and only part of the basement for coal, and the owner of the building lived upstairs and occupied all the second story and all the basement except defendant's coal bin, and a dwelling house on the rear of the lot was occupied by a Mexican, and the shed in which the liquor was found was under a stairway leading to the dwelling house, which was approached from a side street, and defendant is not shown to have had any knowledge of the liquor or control of the shed in which it was found.

3. **SEARCH WARRANT: Insufficient: Evidence.** If the search warrant is illegal because of an insufficient description or lack of description of the premises, all evidence obtained by the search is inadmissible, and if without such evidence no case was made for the jury, errors in instructions given and in the admission of other evidence become immaterial.

---

Corpus Juris-Cyc. References: **Courts,** 15 C. J., Section 512, p. 1083, n. 68. **Criminal Law,** 16 C. J., Section 1110, p. 571, n. 93. **Intoxicating Liquors,** 33 C. J., Section 381, p. 692, n. 96.

Appeal from Jackson Circuit Court.—*Hon. Thad B. Landon,* Judge.

REVERSED AND REMANDED.

*Wilbur F. Hall, Charles P. Dallam* and *Bruce Barnett* for appellant.

(1) The search warrant was void. (a) The constitutional questions were raised in the trial court by motion to quash the search warrant and to suppress all evidence thereby obtained, renewed in the motion for new trial, and presented in formal manner in this court by our assignment of error. Missouri Constitution, Art. II, Sec. 11. (b) The warrant described the place to be searched as a two-story brick building at 315 Cherry Street, which building was in two parts separately occupied by two distinct persons, i. e., the upper story was the dwelling place of Antonio LaSalle, the owner of the building, and the lower story was occupied by defendant as tenant of the owner for business purposes. Such a building constitutes two separate places and such a warrant is entirely void. United States v. Innelli, 286 Fed. 731; Commonwealth v. Certain Intoxicating Liquors, 116 Mass. 342; Commonwealth v. Certain Intoxicating Liquors, 110 Mass. 499; Nestor v. Commonwealth, 202 Ky. 748, 261 S. W. 270. (2) The introduction in evidence of seventy-four bottles of whiskey found in a place not in defendant's possession, i. e., in a shed constituting part of a dwelling house separate and apart from the building in defendant's possession, constituted error most prejudicial to defendant.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

The motion to quash the search warrant was properly overruled. The search warrant specifically mentioned sheds, outhouses, etc., in the rear of the two-story brick building. The question of whether it was a part of the premises was for the jury. There was strong circumstantial evidence that the liquor in the shed was used to supply the

soft-drink parlor.   State v. Bennett, 270 S. W. 295; State v. Lun-frunk, 279 S. W. 733; United States v. Lepper, 288 Fed. 136; United States v. Friedman, 267 Fed. 856.

WHITE, P. J.—The defendant appeals from a judgment of the Circuit Court of Jackson County, following a verdict by a jury finding him guilty of unlawful possession of intoxicating liquor. His punishment was assessed at a fine of two hundred dollars and one year in the county jail.

On March 25, 1926, a sergeant of police and other officers, armed with a search warrant, searched a soft-drink parlor operated by the defendant at 315 Cherry Street, Kansas City, Missouri, and found under the bar two pint bottles, one of which was filled and one partly filled with red liquor. It was called corn whiskey. The officer also found, in what is called a shed in the rear of the building, twenty-four pints of red corn whiskey and five quarts of wine. This was the evidence upon which the defendant was found guilty.

The defendant before the trial filed a motion to quash the search warrant, thereby raising a constitutional question which gave this court jurisdiction of the appeal.

Several alleged infirmities appeared in the search warrant, only one of which we need to consider. In the application upon which it was ordered and in the search warrant the description of the premises is as follows: "A two-story brick building, the basement beneath the same and all structures, barns, sheds, garages, outhouses in the rear of the same and all buildings located in and upon the premises at 315 Cherry Street, Kansas City, Missouri." The warrant recited that intoxicating liquor was being unlawfully manufactured, sold, stored and kept there, and other particulars relating to its manufacture. On the hearing of the appellant's motion to quash the search warrant he offered evidence to show that the building at 315 Cherry Street was a two-story brick building with a basement; that he, the defendant, was a tenant, occupying the first floor as a soft-drink parlor and he had a part of the basement where he stored coal for use in his place of business. The owner of the building, one Antonio LaSalle, lived upstairs, occupying the second floor and all the basement except the defendant's coal bin. In the rear was a dwelling occupied by a Mexican. It was on the same lot with the two-story brick building. The place where the twenty-four bottles of liquor were found, said to be a shed, is not clearly described. On the trial of the case the two or three officers who made the raid were confused and disagreed somewhat about its location. It appeared from the evidence that it was under a stairway leading to the dwelling house in the rear, the ground at that point being below the surface of the street. 315 Cherry Street

is on a corner; Fourth Street runs along the side of the building, and from Fourth Street is the approach to the dwelling house in the rear. The defendant disclaimed any knowledge of the liquor found in the shed or control of the premises where it was found. The description of the premises includes all the brick building and all the structures at that number which would include also the dwelling house.

I.   Section 11, Article II, of the Constitution, relating to search warrants provides that it shall not issue "without a description of the place to be searched . . . as nearly as may be." Defendant strenuously contends that this is not a description of the place to be searched. The evidence offered by the defendant on the hearing of the motion showing that the different parts of the premises were occupied by different persons was not disputed by the State. There appears to have been no ruling in this State regarding the sufficiency of a search warrant in which the description of the premises includes all that occupied by several persons. This one is not a description of the defendant's premises "as nearly as may be." Such a description has been condemned by the Federal courts and by the courts of last resort in several states as insufficient. [United States v. Innelli, 286 Fed. 731, l. c. 732, 733; State v. Duane, 100 Me. l. c. 448; State v. Bass, 281 S. W. (Tenn.) 937; Jackson v. State, 99 So. (Fla.) 548, l. c. 550; Nestor v. Commonwealth, 261 S. W. (Ky.) 270; Wiese v. State, 240 Pac. (Okla.) l. c. 1077; State v. Phipps, 143 N. E. (Ind.) 287; People v. Castree, 143 N. E. (Ind.) l. c. 113; Commonwealth v. Intoxicating Liquor, 110 Mass. 499, l. c. 500.]

In the Massachusetts case it was said: "The description, in the complaint and warrant, of the place to be searched, shows that the building described is occupied in part by another person than the claimant; and the warrant as prayed for and granted, is to enter and search the whole building, . . . the complaint and warrant are therefore too general and must be quashed."

In the Duane case where the description was "a certain building and its appurtenances thereunto belonging known as Hotel Davis, occupied by said Duane as a dwelling house in part and in part as an inn . . . occupied by Edwin O. Clark on the east side, and the premises occupied by Gardiner J. Nash on the west side;" it was held the description was insufficient.

In the Bass case the description was by a certain number. At the trial it was found that a dwelling house, a garage and outbuilding stood on the lot described; that the description might refer to any of the three and was held to be insufficient.

In the Innelli case the place was described by a street number and the name of the person to whom the premises belonged. It turned out that the second floor of the premises belonged to some one

else. It was held that the command to search did not discriminate between the owners. The court said, at page 733: "If the place described by the street and number is used by a number of persons for different purposes, then it is not a place; but there are several places included in the one description. It is then a general, but not a 'particular' description."

In each of the other cases cited above the description is similar to those last mentioned and in each case it was held that the description was not a description in the sense required by the Constitution.

II. Appellant assigns other infirmities in the search warrant and the application for it. He also assigns error in the introduction of evidence and giving of instructions. Since the search warrant was **Evidence.** illegal and contrary to the requirements of the Constitution, all the evidence showing the possession of liquor was inadmissible and no case was made out against the defendant. It is therefore unnecessary to consider other alleged errors. The judgment is reversed and the cause remanded. All concur.