THE STATE v. ROY McBRIDE, Appellant.—37 S. W. (2d) 423.

Division Two, March 25, 1931.

*Stratton Shartel,* Attorney-General, and *Silas Garner,* Special As-
sistant Attorney-General, for respondent.

186

COOLEY, C.—In the Circuit Court of Atchison County appellant was charged with and convicted of possession of intoxicating liquor and sentenced to pay a fine of $750 and to one year's imprisonment in jail. Upon his appeal from the judgment the cause was sent to the Kansas City Court of Appeals, the offense being a misdemeanor. The court of appeals transferred the cause to this court because it deemed the construction of certain sections of the State Constitution to be involved, a conclusion with which we agree. The constitutional question was timely raised in the trial court and well preserved. Appellate jurisdiction of the cause is therefore in this court.

The evidence upon which defendant was convicted and the only evidence tending to show him guilty was obtained by the sheriff by a search of defendant's person. Before trial defendant filed a motion to suppress the evidence so obtained, alleging in substance that the liquor in question was taken from the possession and from the person of defendant by officers of the State before defendant's arrest; that at the time of such search and seizure said officers had no warrant for the arrest of defendant and no authority to search his person; and that said search and seizure were unreasonable, illegal and violative of Sections 11 and 23 of Article II of the State Constitution, in that same were not warranted by law and by "said Constitution" and that to permit the use of said evidence against defendant at the trial "would be compelling the defendant to testify against himself."

The court heard evidence upon the motion to suppress, consisting of the testimony of the sheriff who made the search and seizure, which showed the following:

Defendant resided at Tarkio. The sheriff and a deputy went to his residence armed with a search warrant authorizing a search of defendant's premises only. The officers had no warrant for the arrest of defendant. Defendant was found sitting in his automobile in front of his house. The sheriff testified: "I told him I had a

search warrant for his premises and put him under arrest." On further examination it developed that he did not, before the search, inform defendant that he was arresting him; that what he said to defendant was that he, the sheriff, had a search warrant for defendant's premises and that he told him to get out of the car, that he "wanted to shake him down," whereupon defendant got out of the car and the sheriff searched him, finding upon his person two half-pint bottles of moonshine liquor. At the trial the sheriff testified to finding but one bottle. Whether one or two, they were in defendant's pockets and concealed so that the sheriff did not discover and could not have discovered them until he searched defendant's person. The sheriff further testified, when asked for what he had arrested defendant: "I don't know what I might have arrested him for at the time;" that it was just a wild guess; that he "had plenty of suspicion;" that he did not know at the time that defendant had liquor on his person. There was nothing in defendant's conduct or appearance to justify a suspicion that he was then violating the law. On cross-examination by the State the sheriff said he had previously been informed that defendant had been selling moonshine liquor, but it is clear from his testimony that he was not arresting defendant for such supposed sale or sales, nor for any prior offense believed to have been committed by defendant. No effort was made to show that any prior offense for which defendant might have been arrested had in fact been committed. It is clear that the only ground upon which the sheriff acted was his suspicion that defendant might then have liquor upon his person. He subsequently searched defendant's premises, finding nothing incriminating.

Defendant's motion to suppress was overruled, the case proceeded to trial, and defendant was convicted by the use of the evidence so obtained by the search and seizure. There was no other evidence to authorize conviction.

In State v. Owens, 302 Mo. 348, 259 S. W. 100, 32 A. L. R. 383, it was held by this Court en Banc that evidence obtained by an illegal search of the defendant's person cannot be used against him where, as in this case, he has filed a timely motion to suppress same because of the illegality of the search. That case, as this, was a prosecution for unlawful possession of intoxicating liquor. In that case the question was thoroughly considered and the authorities reviewed. But for a distinction in the facts which the State seeks to draw in the instant case, the Owens case would be exactly in point and decisive of this one.

As the facts are stated in the Owens case it is difficult to see any distinction between what the sheriff there did in making his search and what was done by the officer in this case. But it is not stated in the Owens opinion that the officer arrested defendant before

searching him, while in the present case the sheriff testified that while he did not inform defendant that he was arresting him or tell him that he was under arrest, he did nevertheless arrest him before the search was made.

In the circumstances shown we think it immaterial whether, technically, defendant was placed under arrest before the search of his person was made or not. If arrested, the arrest was unlawful: "a search (of the person) is justifiable only as an incident to a lawful arrest, and if the arrest is unlawful the search is also unlawful." [2 R. C. L. 467, sec. 25.] See also Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. 27; Pickett v. State, 99 Ga. 12, 25 S. E. 608, 59 Am. St. 226, and note; United States v. McHie, 194 Fed. 894; State v. Wills, 91 W. Va. 659, 114 S. E. 261, 24 A. L. R. 1398; People v. Dorrington, 221 Mich. 571, 191 N. W. 831.] Especially would that be true where the unlawful arrest was made for the purpose of subjecting the person arrested to an otherwise unauthorized search.

We deem it unnecessary to discuss the question whether or not the vague information which the sheriff testified he had previously received that defendant had been selling moonshine liquor, with no reference to any specific sale, would have justified defendant's arrest for such supposed offense. The sheriff did not claim to have made the arrest for such offense, if any, and the State does not now seek to justify the arrest on that ground. [See State v. Gartland (Mo.), 263 S. W. 165.]

The State seeks to justify the arrest, therefore the search as incident to a lawful arrest, upon the theory that the sheriff had been informed that defendant had been selling moonshine liquor and, seeing him in his car, may reasonably have believed from that fact and the fact that "bootleggers sometimes carry their goods on them," that defendant had such liquor on his person and was "then in the act of going or just returning from some place;" and that if from such facts the sheriff reasonably suspected that defendant "was then on his way to sell, or do some unlawful act in connection with the sale, possession or transportation of moonshine whisky," he was justified in arresting him without a warrant for his arrest, and after arresting him searching him for evidence of such violation.

Transportation of moonshine liquor upon the person is not a crime. [Sec. 4523, R. S. 1929.] Possession thereof is only a misdemeanor and an officer has no right (except by statute in certain cities) to arrest without warrant for a misdemeanor unless it is committed in his presence and view. Suspicion or reasonable ground of belief is not sufficient. "The cases are numerous showing the limit of his authority to actual knowledge that the offense is committed. It is not committed in his presence unless he knows it is committed." [State v. Gartland, supra, and cases cited.]

In this case the sheriff had and could have had only a suspicion that defendant might have liquor on his person. Such suspicion did not authorize defendant's arrest or search. The knowledge of defendant's possession of liquor acquired by the subsequent search, though it verified the officer's suspicion, could not "relate back" and legalize the arrest or the search made without authority.

As to the contention that the sheriff had reason to suspect that defendant was about to go somewhere to sell moonshine, it is hardly necessary to say that an arrest without warrant cannot be justified on the ground that the arresting officer suspected that the person arrested intended to commit a felony when he was doing nothing towards its commission or even tending to indicate such intent.

It follows that whether defendant, was arrested before being searched or not, the search of his person was unlawful and was therefore unreasonable within the meaning of our constitutional guaranty against unreasonable searches and seizures. [State v. Wills, supra; State v. Owens, supra.] Defendant's motion to suppress the evidence so obtained should have been sustained and at the trial the evidence should not have been admitted, as it was, over his objections. [State v. Owens, supra.]

Since it is apparent that without that evidence the State cannot make a case against defendant it would be useless to remand the case for new trial.

The judgment of the circuit court is reversed and the defendant is discharged. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur.