The STATE of Missouri (Plaintiff), Respondent,

v.

Robert HARRIS (Defendant), Appellant.

No. 29918.

St. Louis Court of Appeals.

Missouri.

May 6, 1958.

See 313 S.W.2d 664.

Raymond A. Bruntrager, St. Louis, for appellant.

Thomas F. Eagleton, Circuit Atty., Robert Kingsland and George W. Draper, II, Asst. Circuit Attys., St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis, Division No. 10, finding Robert Harris guilty of possession of lottery tickets, a misdemeanor. Before trial defendant filed a motion to suppress certain evidence in the nature of "policy" paraphernalia on the ground that the evidence was obtained by search and seizure before defendant's arrest, without a warrant for his arrest, and while defendant was within the peace of the State, so that the search and seizure were "unreasonable, illegal and violative of Sections 15 and 19 of Article I of the Constitution of the State of Missouri [V.A.M.S.] * * * and were violative of the rights of this defendant as accorded and afforded him under and by virtue of the above Sections * * * and that to permit the use of said evidence against this defendant at the trial would be compelling this defendant to give testimony against himself." This motion was overruled. When at the trial questions were asked concerning the nature of the evidence obtained when defendant was arrested defendant's counsel objected on the ground that "anything that was found was the result of an illegal search and a violation of the constitutional rights of the defendant." The objection was overruled. After the articles were marked and offered to a witness for the purpose of identification defendant's counsel objected to any oral testimony and to the introduction of the exhibits on the ground that they were taken "as a result of an unlawful search and seizure and a violation of the constitutional rights guaranteed by the State Constitution. * * *." Defendant's counsel objected to any oral testimony by Officer Davis on the ground that the things testified to by the officer were learned as a result of an illegal search and seizure. When State's Exhibits 1 through 11 were offered in evidence defendant's counsel objected to them "on the ground previously stated." Upon conviction defendant filed a motion for a new trial, stating among other the following grounds:

"1. The Court erred in refusing to sustain defendant's motion to suppress evidence, which was timely filed, for the reason that such evidence was obtained by unlawful search and seizure based on an arrest for the grounds of which reasonable cause did not exist, which, therefore, was a violation of the constitutional rights of the defendant as granted by Sections 15 and 19 of Article I of the 1945 Constitution for the State of Missouri.

"2. The Court erred in permitting into evidence State's Exhibits No. 1 through 11, over and against the objection of the defendant, for the reasons that said Exhibits were seized as a result of an unreasonable arrest and, therefore, in violation of the constitutional rights of the defendant.

"3. The Court erred in permitting oral testimony concerning such evidence, for the reason that said evidence was seized wholly as a result of a search and seizure based upon an arrest which was wholly without reasonable grounds and, therefore, in violation of the defendant's constitutional rights."

Point I of appellant's brief preserves the point that the court erred in overruling the motion to suppress and in permitting oral testimony concerning the challenged evidence on the ground that the evidence was seized by virtue of an unreasonable search and seizure and not incident to any lawful arrest. In appellant's argument it is stated that "Since the arrest was unlawful it follows that any search therefore becomes an unreasonable search and seizure as prohibited by the Missouri Constitution of 1945, Article I, Section 15."

A constitutional question appears to have been raised in good faith at the first available opportunity. The sections of the constitution in question have been specified and designated. The question has been kept alive at every stage of the proceeding, including the motion for new trial, and has been adequately covered in the briefs. Under numerous decisions involving the question of whether a search and seizure and arrest were in contravention of a constitutional provision, State v. Barrelli, 317 Mo. 461, 296 S.W. 413; State v. McBride, Mo.App., 32 S.W.2d 134, and cases cited; State v. West, Mo.App., 20 S.W.2d 160, and cases cited; State v. Lee, Mo.App., 7 S.W.2d 385, it has been held that the courts of appeal have no jurisdiction under these circumstances and that exclusive appellate jurisdiction is in the Supreme Court. For instance, in State v. McBride, 327 Mo. 184, 37 S.W.2d 423, the Supreme Court in retaining jurisdiction upon the transfer of the cause, State v. McBride, supra, said, 37 S.W.2d loc. cit. 423:

"The Court of Appeals * * * transferred the cause to this court because it deemed the construction of certain sections of the state Constitution to be involved, a conclusion with which we agree. The constitutional question was timely raised in the trial court and well preserved. Appellate jurisdiction of the cause is therefore in this court."

On oral argument one of the judges raised the question of our jurisdiction. Counsel for appellant was of the opinion that we have power to decide the case under the rule that the Supreme Court will not assume jurisdiction on constitutional grounds when the identical question has been finally settled by prior decisions of the Supreme Court. That rule, however, has no application in appeals involving the question whether a search and seizure is unreasonable, for reasons well stated by Commissioner Boyer in State v. McBride, supra, 32 S.W.2d loc. cit. 136, namely, that every such appeal involves a different set of facts, and the determination of the question involves the exercise of the judicial function and a construction of the Constitution in the light of the facts in the particular case.

Accordingly, the Commissioner recommends that the cause be transferred to the Supreme Court for determination under Section 3, Article V, Constitution of Missouri, 1945.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The cause is, accordingly, ordered transferred to the Supreme Court for determination.

RUDDY, P. J., ANDERSON, J., and JOHN K. REGAN, Special Judge, concur.