STATE of Missouri, Respondent,

v.

Robert HARRIS, Appellant.

No. 46984.

Supreme Court of Missouri,

En Banc.

March 9, 1959.

---

Raymond A. Bruntrager, St. Louis, for appellant.

John M. Dalton, Atty. Gen., George E. Schaaf, Asst. Atty. Gen., Thomas F. Eagleton, Circuit Atty., St. Louis, for respondent.

COIL, Commissioner.

A jury found Robert Harris, defendant below, guilty of possession of lottery tickets, a misdemeanor, and fixed his punishment at imprisonment in the city workhouse for a year and a $1,000 fine. He appealed from the ensuing judgment to the St. Louis Court of Appeals. That court, by an opinion reported at Mo.App., 313 S.W.2d 219, transferred the case here on the ground that defendant had properly raised and preserved a question involving the construction of the constitution within the meaning of Article 5, Section 3, Missouri Constitution 1945, V.A.M.S. We are of the opinion that we do not have jurisdiction of the instant case for the reasons we shall state.

The general question involved is whether certain articles, received in evidence at defendant's trial and described as "policy paraphernalia," were obtained by members of the St. Louis police force as a result of a search of defendant in violation of Article 1, Section 15, Missouri Constitution 1945, which, insofar as here pertinent, provides "That the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; * * *." The precise question, however, posed by defendant, as conclusively demonstrated by his brief, both under "Points and Authorities" and in the argument portion thereof, is whether the evidence in question was obtained by a search *incident to a lawful arrest* and, if so, concededly the search was not in violation of the constitutional provision noted, or whether that evidence was obtained by a search *not incident to a lawful arrest* and, if so, concededly the search was in violation of the mentioned constitutional provision. That such is true is apparent from defendant's Point I (the only point purporting to deal with the instant question), which is: "Court erred in overruling defendant's motion to suppress and in permitting oral testimony of such evidence since such evidence was seized by virtue on [of] unreasonable search and seizure, not incident to any lawful arrest." (Bracketed insert ours.) In his argument under Point I defendant says, inter alia but indicative of his total argument, "The defendant submits that since the search here was not based on any warrant * * * that to be constitutional such a search must be incident to a lawful arrest. * * * The defendant submits that such an arrest was illegal as not being based on probable cause. * * * Since the arrest was unlawful it follows that any search therefore becomes an unreasonable search and seizure as prohibited by the Missouri Constitution of 1945, Article I, Section 15 * * *."

Thus, it appears to us that the only question in the instant case involving the *construction* of the constitution is whether a search and seizure which is not

incident to a lawful arrest violates the provision of the Missouri Constitution, supra, against unreasonable searches and seizures. It is the settled law of this state, pronounced by decisions of this court, that the search of one's person is justified, and thus not an unreasonable search, only if it is incident to a lawful arrest. State v. Cuezze, Mo., 249 S.W.2d 373, 376[4]; State v. Morice, Mo., 79 S.W.2d 741, 742[1–3]. And, as noted, instant defendant not only concedes, but affirmatively asserts, that the constitutional provision in question has been so construed. Now, it would appear that whether the search in the instant case was or was not incident to a lawful arrest depends, of course, upon whether there was a lawful arrest, and, of course, whether there was a lawful arrest depends upon the application of the law relating to "arrest" to the particular facts and does not depend upon the construction of any constitutional provision.

■ As noted, the only question involving the construction of the constitution has been heretofore adjudicated, viz., that the search of one's person not incident to a lawful arrest is violative of Article 1, Section 15, Missouri Constitution 1945. And this court does not take jurisdiction on the ground that the construction of the constitution is involved when the precise constitutional question has been priorly adjudicated by decisions of this court. Swift & Co. v. Doe, Mo., 311 S.W.2d 15, 20[2].

■ It was the view of the St. Louis Court of Appeals, as expressed in its transferring opinion, that "the rule that the Supreme Court will not assume jurisdiction on constitutional grounds when the identical question has been finally settled by prior decisions of the Supreme Court * * * has no application in appeals involving the question whether a search and seizure is unreasonable, for reasons well stated by Commissioner Boyer in State v. McBride [Mo.App.], 32 S.W.2d [134] loc. cit. 136, namely, that every such appeal involves a different set of facts, and the determina-

tion of the question involves the exercise of the judicial function and a construction of the Constitution in the light of the facts in the particular case." 313 S.W.2d 221. What we have said heretofore indicates that we are not in accord with that view insofar as it has been applied to the instant case or insofar as it may be applied to all appeals "involving the question whether a search and seizure is unreasonable."

Questions involving the *construction* of Article 1, Section 15, Missouri Constitution 1945, not heretofore adjudicated by a decision of this court, properly raised and preserved, are within the exclusive jurisdiction of this court. But where, as in this case, the defendant has limited the question involved, insofar as the construction of the constitution is concerned, to the precise question heretofore settled by decisions of this court, we do not have jurisdiction under the provisions of Article 5, Section 3, Missouri Constitution 1945, which, insofar as here pertinent, provides: "The supreme court shall have exclusive appellate jurisdiction in all cases involving the construction of the Constitution * * * of this state * * *."

We hasten to say, however, that the St. Louis Court of Appeals was justified in transferring this case on the basis of some of our prior opinions which have indicated that we have jurisdiction of *any* appeal wherein an appellant has properly preserved a contention that evidence has been admitted which was obtained as a result of a search and seizure in violation of federal and state constitutional provisions relating to unreasonable searches and seizures. As pointed out in the court of appeals opinion, 313 S.W.2d 221, after the Kansas City Court of Appeals had transferred State v. McBride, Mo.App., 32 S.W.2d 134, to this court for the reason heretofore set forth, we said in the transferred case, 327 Mo. 184, 37 S.W.2d 423, that we agreed we had jurisdiction because the construction of certain sections of the state constitution were involved. In State v. Cobb, 309 Mo. 89, 273 S.W. 736, one of the constitutional questions

raised was whether a search was in violation of the unreasonable search and seizure provisions of the Missouri Constitution. We said at page 737 of 273 S.W.: " * * jurisdiction is conferred upon this court by reason of the constitutional questions heretofore mentioned." In State v. Barrelli, 317 Mo. 461, 296 S.W. 413, division two of this court said, "The defendant before the trial filed a motion to quash the search warrant, thereby raising a constitutional question which gave this court jurisdiction of the appeal." In State v. Pigg, 312 Mo. 212, 278 S.W. 1030, 1032 [1], the court en banc said, "The defendant was convicted of a misdemeanor, but this court has jurisdiction of the appeal, because appellant contends the search of defendant's automobile and seizure of the jugs and fruit jars found therein without legal warrant were in violation of the provisions of the federal and state Constitutions relating to unreasonable searches and seizures."

(We note, parenthetically, that in City of St. Louis v. Gavin, Mo.App., 222 S.W.2d 531, City of St. Louis v. Ward, Mo.App., 223 S.W.2d 847, City of St. Louis v. Washington, Mo.App., 223 S.W.2d 858, and City of St. Louis v. Simon, Mo.App., 223 S.W.2d 864, all of which involved convictions for misdemeanors involving lotteries or policy games, the St. Louis Court of Appeals retained jurisdiction in each case, even though in each it was contended that the trial court had erred in refusing to sustain a motion to suppress evidence which it was alleged was obtained as a result of search and seizure in violation of Article 1, Section 15, Missouri Constitution. And in each of those cases, the St. Louis Court of Appeals retained jurisdiction on the stated ground that the construction of the constitution was not involved except in respects in which it had been theretofore construed by decisions of this court.)

It appears that because of the language in some of our prior opinions, the question of our jurisdiction in misdemeanor cases involving contentions of unreasonable search

and seizure should be clarified. It follows from the views we have herein expressed that State v. McBride, supra, State v. Cobb, supra, State v. Barrelli, supra, and State v. Pigg, supra, insofar as those cases and others hold or may be construed to hold that this court has jurisdiction of any case in which an appellant has properly raised and preserved the question of whether evidence has been obtained by a search and seizure in violation of constitutional provisions relating to unreasonable searches and seizures, irrespective of and without reference to the further decisive matter of whether the exact question involving the construction of the constitution has been priorly adjudicated, should no longer be followed.

We hold that we do not have jurisdiction in the instant case because it does not involve the construction of Article 1, Section 15, Missouri Constitution 1945, in any respect not heretofore adjudicated by this court.

The case is transferred to the St. Louis Court of Appeals.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court en banc.

All concur, except STORCKMAN, J., who dissents in separate opinion filed.

STORCKMAN, Judge (dissenting).

It appears to me that the majority opinion circumscribes too stringently our appellate jurisdiction in cases involving "the construction" of constitutional provisions as expressed in art. V, § 3. In Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94, 98, the key word "construction" was defined and discussed as follows: "Construction is a broad term and perhaps as instructive a definition as could be stated is quoted from Abbott in Webster's International Dictionary as follows: 'Strictly, the term [construction] signifies determining the mean-

ing and proper effect of language by a consideration of the subject-matter and attendant circumstances in connection with the words employed.' *In other words, it does not stop with interpretation, but applies the language as interpreted to both the subject-matter and the attendant circumstances.* The constitutional provision does not, to give this court jurisdiction in this case, require findings that some constitutional provision has been violated or constitutional right denied, for that is the ultimate object for which the jurisdiction exists. It is only necessary that a constitutional question be presented to the court in the manner required by the rules governing its practice, and on its presentation the jurisdiction attaches to determine it." (Italics ours.)

General acceptance of this view is indicated by the definition of construction stated in Baldwin's Century Edition of Bouvier's Law Dictionary, which is: "Determining the meaning and application as to the case in question of the provisions of a constitution, statute, will, or other instrument, or of an oral agreement."

If we limit "construction" to the *interpretation* of constitutional provisions, as the majority opinion seems to do, and abandon the application, then it would seem our appellate jurisdiction would not exist in cases where the meaning of the constitutional provision is clear and would cease to exist when ambiguous or doubtful provisions have been adjudicated. Such a view would confuse adjudication of constitutional questions with the establishment of standards for such determination. I do not believe this would be in accord with the intent of the jurisdictional grant in art. V, § 3.

In the case at bar the ultimate question to be determined is whether the seizure of the brown bag containing the lottery paraphernalia was violative of defendant's constitutional rights in that it was unreasonable as that term is used in art. I, § 15. State v. Turner, 302 Mo. 660, 259 S.W. 427, 428[3]. Whether the defendant was lawfully arrested is an intermediate question which does not necessarily determine whether the seizure was reasonable.

The recognition of the legal principle that a search of the person may be made as an incident of a lawful arrest is but one of the standards implicit or expressed in the constitutional provision by which the reasonableness of a search and seizure is determined. One search and seizure case does not adjudicate another where the facts are different. I believe the ultimate question to be determined is controlling with respect to our jurisdiction and not the steps by which we reach our conclusion. Even where the arrest is lawful the right to take property from the person and premises of the prisoner is not unlimited but must conform to the standard of reasonableness. State v. Williams, Mo., 14 S.W.2d 434[1]; 4 Am.Jur. 47–49, Arrest §§ 68 and 69; 6 C.J.S. Arrest § 18, pp. 623–624; 79 C.J.S. Searches and Seizures, § 67, p. 840; 47 Am.Jur. 515, Searches and Seizures, § 19.

My views are more in accord with those expressed in State v. McBride, Mo.App., 32 S.W.2d 134, 136, which are: "The Supreme Court, by previous ruling in a similar case, could not put at rest the constitutional question of unreasonable search and seizure which, in the very nature of things, must depend upon a state of facts arising in a subsequent case. The Supreme Court now holds that, where it has once determined the constitutionality of a statute, the question may not subsequently be urged as jurisdictional. Dickey v. Holmes, 208 Mo. 664, 106 S.W. 511. No such rule can be applied to this case because the facts in cases are not static but change, and the determination of the question of when a search is unreasonable is a judicial function to be exercised in view of the facts in the particular case."

I believe the view expressed in the McBride case not only is the correct one but should be preferred because it would tend to lessen jurisdictional uncertainties which are always troublesome and wasteful problems.

For these reasons I respectfully dissent.