**STATE of Missouri, Respondent,**

v.

**Patricia RUSSO, Appellant.**

**No. 55820.**

Supreme Court of Missouri, Division No. 2.

March 8, 1971.

---

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Morgan M. Moulder, Camdenton, for appellant.

BARRETT, Commissioner.

Patricia Russo as an agent and employee of Russo's Ridge Runner Inc., a holder of a "nonintoxicating beer" (RSMo 1969, § 312.010, V.A.M.S.) license, was charged with the misdemeanor of having and keeping on the licensed premises three bottles of intoxicating liquor. RSMo 1969, §§ 312.430, 312.490, V.A.M.S. A jury found Patricia guilty, fixed her punishment at a fine of $50.00 and she has perfected an appeal to this court on the theory that a construction of the constitution is involved within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S.

The state has challenged jurisdiction in this court of the misdemeanor appeal even though the appellant raised, asserted throughout the trial, and has briefed and argued here as one of her points an invasion of her constitutional rights against "unreasonable searches and seizures" and "due process of law." Const. Mo. Art. 1, Secs. 10, 15. The question arises in these circumstances: Two agents of the department of liquor control while in the licensed premises (RSMo 1969, § 312.290, V.A.M.S.) saw three bottles of liquor behind the bar on the floor and without either an arrest or warrant seized the liquor and it was introduced in evidence after the hearing and overruling of a motion to suppress. It is not necessary to belabor the subject, it is sufficient to say that heretofore, prior to 1959, this court entertained jurisdiction of a long list of cases involving misdemeanor liquor convictions on the theory that, allegedly, they involved illegal searches and seizures and an invasion of constitutional rights. In 1959, in State v. Harris, Mo., 321 S.W.2d 468, the court en banc in a case involving the possession of lottery tickets overruled that line of cases and held that jurisdiction of such misdemeanor cases was in the courts of appeal. And see more recently State v. Kiplinger, Mo., 414 S.W.2d 547. This is not to decide the substantive question of whether there was an unlawful search or seizure (see for instance State v. Turner, 302 Mo. 660, 259 S.W. 427; State v. Thurston, Mo., 300 S.W. 485; State v. Cobb, 309 Mo. 89, 273 S.W. 736; State v. Barrelli, 317 Mo. 461, 296 S.W. 413; State v. Horton, 312 Mo. 202, 278 S.W. 661 and State v. McBride, 327 Mo. 184, 37 S.W.2d 423), it is to say, however, that the right invoked no longer confers jurisdiction of misdemeanor appeals on this court—the consequence is that this cause is transferred to the Springfield Court of Appeals. RSMo 1969, § 477.060, V.A.M.S.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., and MORGAN, J., concur.

FINCH, J., concurs in separate concurring opinion filed.

FINCH, Judge (concurring).

I concur in the principal opinion with the understanding that we are transferring this case on the basis that it involves only *application* of already established constitutional principles to particular facts and does not involve the *construction* of constitutional provisions. State v. Harris, Mo., 321 S.W.2d 468 [3, 4]; State v. Kiplinger, Mo., 414 S.W.2d 547 [2, 3]; White v. State, Mo., 430 S.W.2d 144 [5, 8].