Helen Maurine VENATOR, Plaintiff-Appellant,

v.

Charles A. VENATOR, Defendant-Respondent.

No. 56946.

Supreme Court of Missouri, Division No. 2.

Sept. 17, 1973.

**462**

Bartlett, Stix & Baldwin, Springfield Baldwin, St. Louis, for plaintiff-appellant.

Roy W. Bergmann, Clayton, for defendant-respondent.

HENLEY, Presiding Judge.

In this appeal from a judgment dismissing her action for separate maintenance, plaintiff contends that exclusive appellate jurisdiction is in this court because a determination of the case involves "a constitutional question," a construction of the full faith and credit clause of the Constitution of the United States. U.S.Const. Art. IV, § 1.

On examination of the record and briefs, we find that the basic question presented is whether there was sufficient evidence to support the trial court's finding that defendant was a bona fide resident of the state of Nevada when he secured a divorce from plaintiff in that state. If the evidence is sufficient to support the finding, full faith and credit must be accorded the Nevada decree; if the evidence is not sufficient, the full faith and credit provision is not applicable. The question involved is the sufficiency of evidence; not the construction of a section of the constitution. Roseberry v. Crump, 345 S.W.2d 117, 118–119 (Mo.1961); Scott v. Scott, 441 S.W. 2d 330, 331 (Mo.1969).

Plaintiff's contention that the trial court's application of the full faith and credit clause to the facts deprived her of a hearing on the merits of her separate maintenance action and thereby deprived her of due process and equal protection of the law, obviously does not raise a question involving construction of the state or federal constitutions. For these reasons, this court does not have appellate jurisdiction.

Accordingly, the case is transferred to the Missouri Court of Appeals, St. Louis District.

All of the Judges concur.