**Edward NEIDHART et al., Appellants,**

v.

**AREACO INVESTMENT COMPANY, a corporation, and Art Collins, Respondents.**

**No. 57141.**

Supreme Court of Missouri,
Division No. 2.

Oct. 23, 1973.

Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for appellants.

Roberts & Roberts, Raymond R. Roberts, V. Kenneth Rohrer, Farmington, for respondents.

STOCKARD, Commissioner.

By notice of appeal filed prior to January 1, 1972, plaintiffs have appealed from the judgment of the Circuit Court of Ste. Genevieve County entered in their suit for a declaratory judgment and other relief. Plaintiffs' petition was in four counts, but the issues on this appeal pertain solely to Count I.

Appellants alleged that they are the owners of lots in Rocky Ridge Ranch, which lots were sold to them subject to restrictions running with the land contained in agreement executed April 6, 1966, and recorded in the office of the Recorder of Deeds of Ste. Genevieve County; that they represent that class of persons which is comprised of other owners of lots in Rocky Ridge Ranch; and that to plaintiffs' damage Areaco Investment Company, contrary to the said restriction agreement, has purported to modify plaintiffs' rights under the agreement. The purported modifications were executed by Areaco Investment Company alone, and were attached to plaintiffs' petition as Exhibits B and C. Plaintiffs prayed for a declaratory judgment that (1) the purported modifications are invalid and void, and (2) that the purported changes "be declared invalid as being inconsistent with the defendants' authority under the original restriction agreement of April 6, 1966."

Defendants admitted certain allegations as to ownership of the land affected, and denied generally all other allegations.

Defendants subsequently filed a motion to dismiss Count I of plaintiffs' petition. The alleged grounds therefor were that in another suit brought by the Rocky Ridge Ranch Homeowners Association, and certain named individuals, against Areaco Investment Company (Case No. 4455) in the Circuit Court of Ste. Genevieve County, the court had entered judgment decreeing that the purported modifications of the restriction agreement challenged by plaintiffs in their petition are invalid and of no effect. It was further alleged in the motion that the relief granted in Case No. 4455 was the identical relief sought by plain-

tiffs, and the judgment in Case No. 4455 is res judicata as to them.

The judgment in Case No. 4455, entered by consent of the parties, provided that "the restriction agreement enacted * * * on the 6th day of April 1966 * * * [is] valid and binding upon the parties hereto," and that "the modified restriction agreements * * * [those challenged by plaintiffs in their Count I] be declared invalid and held for naught."

The judgment in this case entered on Count I was that "there is not now in force and effect nor has there been since August 4, 1970 [the date of the judgment in Case No. 4455], any modified restrictive agreements designated as plaintiffs' Exhibit B and plaintiffs' Exhibit C [the two modifications challenged by plaintiffs] in plaintiffs' petition." It was further held that the judgment in Case No. 4455 was binding on plaintiffs, and for that reason there was no justiciable issue under Count I.

Plaintiffs' points on this appeal are that (1) the court "erred in dismissing [their] petition because (a) the consent judgment in the prior action is not res judicata as to nonparticipating members of the class of subdivision lot owners where no prior notice was given," (b) "the consent judgment in the prior action was not res judicata as to [them] in that they were not represented as a class by plaintiffs in the prior suit," and (2) "the court erred in dismissing [their] petition because there is a justiciable controversy before the court and [they] are entitled to a declaratory judgment." From plaintiffs' argument we are able to determine that their contention is that the judgment in Case No. 4455 merely held the purported modifications to be void pursuant to a consent judgment, but they are entitled to a declaratory judgment that the provisions of the restrictive agreement of April 6, 1966 do not authorize Areaco Investment Company, acting alone, to make the same or other modifications in the future.

If this court has jurisdiction of this appeal it is only on the basis that title to real estate is involved. Assuming that an appeal from a judgment declaring the validity of restrictions running with the land involves title to real estate, see Wilson v. Owen, 261 S.W.2d 19 (Mo.1953), there is no such issue on this appeal. Plaintiffs asked that the two purported modifications of the restrictions be declared invalid and of no effect, and the judgment appealed from so decrees. It also decreed that the restriction agreement dated April 6, 1966 is in effect. By their points on this appeal, plaintiffs do not contend that those rulings are incorrect, and could not do so because those rulings are in accord with the relief requested, and therefore plaintiffs are not aggrieved parties. There is no issue on this appeal concerning the validity of restrictions running with the land.

Plaintiffs' contentions are, in effect, that by their petition they are entitled to a declaratory judgment that not only are they entitled to a judgment that the purported modifications are invalid, but also, that pursuant to the terms of the restriction agreement dated April 6, 1966, Areaco Investment Company, acting alone, cannot in the future modify the restrictions. This at most calls for a construction of the restriction agreement dated April 6, 1966, and the effect of the judgment in Case No. 4455. There is no issue involving title to real estate. This court does not have jurisdiction of this appeal.

The case is transferred to the Missouri Court of Appeals, St. Louis District.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, J., concurs in separate concurring opinion filed. HENLEY, P. J., and MORGAN, J., concur and concur in separate concurring opinion of FINCH, J.

FINCH, Judge (concurring).

I concur in the principal opinion and write this separate concurring opinion only

to call attention to and underscore the waste of time, judicial effort and money caused by a jurisdictional provision which makes it difficult for lawyers and judges to determine to which court an appeal should be taken.

In this case, an appeal was taken to the Supreme Court on the ground that the case involved title to real estate. We now hold that title is not involved and, since we have no jurisdiction, transfer the case to the Missouri Court of Appeals, St. Louis District, for redocketing, reargument and ultimate decision.

A constitutional (or statutory) provision specifying jurisdiction on appeal ought to make it possible for lawyers and judges to know, without question, to which appellate court a notice of appeal should be directed and what court has jurisdiction to decide that case on the merits. It is unfair to litigants, as well as the public, whether the case be criminal or civil, for time and money to be wasted in trying to settle on a case by case basis what appellate court has the right to hear and decide that case on the merits.

The December 1964 issue of the Washington University Law Quarterly spells out in detail the difficulty that lawyers and courts have had in the resolution of the matter of appellate jurisdiction in cases such as this. That volume contains over 700 pages, all of which are devoted to this problem. Hundreds of reported decisions have dealt in whole or in part with a determination of what court has jurisdiction of that case on appeal. In a few cases it has taken two or three transfers, back and forth, to settle the question and get the case decided on the merits. For example, see State v. Harris, 313 S.W.2d 219 (Mo. App.1959); State v. Harris, 321 S.W.2d 468 (Mo. banc 1959); and State v. Harris, 325 S.W.2d 352 (Mo.App.1959).

The constitutional amendment of 1970 wisely deleted from the mandatory appellate jurisdiction of the Supreme Court, under Art. V, § 3,[1] V.A.M.S., certain of the jurisdictional categories which have caused the difficulties to which I refer. As a result, after cases appealed before January 1, 1972, have been disposed of, the appellate courts no longer will be plagued with deciding whether an appeal involves title to real estate or whether a case involves a specified sum of money. However, I must point out that one such category remains in Art. V, § 3, and still provides troublesome questions on a case by case basis as to whether appellate jurisdiction is vested in this Court or in the Missouri Court of Appeals. The clause to which I refer provides that the Supreme Court has exclusive appellate jurisdiction of "all cases involving the construction of the Constitution of the United States or of this state."

Constitutional questions or contentions are raised in many, if not most, criminal cases today. For example, many such cases involve issues concerning arrest, lineup, search and seizure, interrogation, voluntariness of statements, right to counsel, timeliness of furnishing counsel, adequacy of counsel, speedy trial, and other such issues, and the accused persons assert that in connection with these matters constitutional rights, federal or state, have been infringed. If those cases involve construction of the federal or state constitutions, exclusive appellate jurisdiction is vested in the Supreme Court. If they do not, in most criminal appeals jurisdiction is vested in the Missouri Court of Appeals. It is not possible to draw a clear line of demarcation, and as a result the question of which court has jurisdiction in a particular case is determined on a case by case basis. At the outset, the attorney must reach a tentative conclusion as to where appellate jurisdiction is vested. If he believes that construction of the Constitution is involved, he will direct his notice of appeal to the Supreme Court. The writer, while serving as Chief Justice, spent much time with the Clerk of this Court looking at no-

1. All constitutional citations are to Missouri Constitution.

tices of appeal and jurisdictional statements to try to determine as quickly as possible whether we had jurisdiction in those cases. In many instances, it was not possible to definitively decide the question and we had to await receipt of the transcript and sometimes receipt of briefs. Then an additional examination of the file by the Chief Justice and the Clerk was made so that the case could be transferred as quickly as possible to the Missouri Court of Appeals if this Court did not have jurisdiction. In some instances, it was impossible without oral argument to settle the question with any degree of certainty, and in those instances the case was docketed and heard. Subsequently, it was transferred by order or after a written opinion if the Court concluded it did not have jurisdiction. Since Judge Donnelly became Chief Justice, the necessity of following this practice has continued.

Similar questions also can and do arise in civil cases, and again it is a case by case determination under the present constitutional provision. For example, just a few days ago, in the case of Venator v. Venator, 499 S.W.2d 461 Division Two of this Court transferred the case to the Missouri Court of Appeals, St. Louis District, on the basis that it did not involve a question of constitutional construction. Meanwhile, the case had been appealed to this Court, was briefed and docketed, and the case only reached the proper appellate court after the Supreme Court had gone into the matter and then written a short opinion pointing out that we did not have jurisdiction and transferring the case to the Missouri Court of Appeals.

It is a matter of record that the volume of litigation, both criminal and civil, has increased in recent years with a resultant substantial increase in the number of cases appealed. Undoubtedly, additional appellate judges will be necessary to take care of the load, and I submit that it is not very logical to waste the time of appellate judges in trying to decide which court has the right to decide the case. The public is anxious that the courts get to where they can dispose of cases, including appeals, more rapidly than has been true in the past, and to that end it is most desirable that things such as the constitutional provision which results in a waste of time to determine jurisdiction be eliminated. They serve no useful purpose.

Amendment of Art. V, § 3, so as to delete the clause vesting mandatory exclusive appellate jurisdiction in the Supreme Court in all cases involving constitutional construction would not mean that important constitutional issues could not or would not be decided by the Supreme Court. Art. V, § 10, provides ample flexibility to permit this to occur. Not only does that section provide for transfers after opinion on order of the Court of Appeals or order of the Supreme Court, but it also authorizes transfer before opinion when so ordered by the Supreme Court. For example, cases involving questions of particular importance or general interest, including cases involving important constitutional issues, may be ordered transferred before opinion to the Supreme Court and decided by it pursuant to the authorization in Art. V, § 10. At the same time, elimination from Art. V, § 3 of the clause imposing mandatory appellate jurisdiction on the Supreme Court in cases involving constitutional construction would eliminate the need for case by case determination of jurisdiction in cases such as those involving search and seizure, voluntariness of a confession, adequacy of warning before interrogation, and similar questions. Savings in time, effort and money would result.