**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Raymond William SWINNEY,**
**Defendant-Appellant.**

**No. 37620.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 18, 1977.

Stuart A. Cofman, Cofman, Townsley, Nissenholtz & Weinstein, St. Louis, for defendant-appellant.

Preston Dean, Nanette K. Laughrey, Asst. Attys. Gen., John D. Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Appellant, Raymond William Swinney, was convicted in the Circuit Court of the City of St. Louis of Assault with Intent to Kill with Malice in violation of § 559.180 RSMo.1969, and was sentenced to a term of confinement in the custody of the Missouri Department of Corrections for a period of fifteen years. He has appealed the judgment entered on the jury verdict. We affirm.

Appellant does not challenge the sufficiency of the evidence to support the jury verdict. Therefore, a short statement of facts will suffice for the disposition of his appeal. Appellant, whose alias was alleged to be Raymond Smallwood in the Indictment on which this case was brought to trial, and Lillian Smallwood, the prosecutrix, were husband and wife; however, on March 9, 1974, the date on which this offense took place, they were not living together. On October 27, 1973, the appellant had assaulted the prosecutrix and had been charged in an Information filed in the Circuit Court for Criminal Causes of the City of St. Louis with the offense of assault with intent to maim with malice arising out of that occurrence. On the date of this offense the charge for the prior assault had not yet been brought to trial and was still pending, and Ms. Smallwood's name was endorsed on the Information in the prior assault case as a witness for the State. On March 9, 1974, Ms. Smallwood returned to her home from an evening of entertainment during the early morning hours and when she opened the door to her home the appellant pulled her into the house, told her to be quiet and that he had come there to kill her. He asked if she would drop the charges arising out of the occurrence of October 27, 1973, and she told him she would, but once they arrived in the kitchen, appellant started stabbing her with a knife he had in his pocket. In all, he stabbed her thirty-five times on her face, arms, legs, back, chest and hands. The coat she was wearing at the time was identified, marked, received in evidence, but the State's request that the jury be permitted to pass by counsel table to inspect the coat, was denied. There were numerous holes in this coat which Ms. Smallwood testified were not in the coat prior to the attack appellant made on her, and which were put in the coat while the appellant was assaulting her. Appellant stopped stabbing her when he said the police were coming and went to the front of the house. Another witness, a Mrs. Ophelia Williams, who lived next door to Ms. Smallwood, testified that she observed the appellant jump off the front steps of the house in which Ms. Smallwood resided, and that he was running.

Officer Jessie McClanahan, a police officer of the St. Louis Police Department, testified that he went to Fayetteville, North Carolina, on March 28, 1975, took the appellant into custody and returned him to St. Louis.

Fred Studer, Deputy Clerk of Division No. 19 of the St. Louis Circuit Court for Criminal Causes, identified a court file in Cause No. 73–2809, wherein the appellant was charged by Information with assaulting Ms. Smallwood with fists and a broom

handle with malice on October 27, 1973, read into evidence the contents of the Information and testified that the name of Ms. Smallwood was endorsed on said Information as a witness for the State.

After the jury had deliberated for approximately one hour, a note from the jury was brought to the trial judge by the Sheriff, requesting that the coat and pictures be brought to the jury, and the record shows that the trial court, over appellant's objection, sent the coat and pictures to the jury.

On appeal, appellant contends that the trial court erred in the following respects:

1) admitting the testimony of James McClanahan over his objection because said evidence was evidence of another crime for which the defendant was not charged;

2) permitting the victim's coat to be sent to the jury room over his objection;

3) in not submitting to the jury the instruction on common assault tendered by the appellant; and

4) in admitting into evidence over his objection "the testimony of State's witness Fred Studer that defendant was on record as being charged by Information with an assault alleged to have occurred in October, 1973, which was evidence of a crime other than that charged."

■ With respect to appellant's first point, we conclude that said evidence was admissible to show flight, and was a question for the jury. *State v. Barry,* 501 S.W.2d 515, 518[1] (Mo.App.1973). Defendant, at trial, testified that immediately following the stabbing he "left out the back door" and "left town." "Flight consists in leaving the scene or vicinity of the crime in order to avoid arrest and may be shown as a circumstance to indicate guilt." *State v. Dupree,* 477 S.W.2d 129, 132[7] (Mo.1972); *State v. Silvey,* 296 S.W. 128, 131[10] (Mo. 1927). We rule this point against appellant.

■ Whether a jury may take exhibits into the jury room is a matter within the sound discretion of the trial court. *State v. Connell,* 523 S.W.2d 132, 138[15, 16] (Mo. App.1975). We find no abuse of discretion

present under the circumstances in this case and rule this point against the appellant.

■ Appellant has failed to preserve his third point for review because he failed to comply with the requirements of Rule 27.-20(a) that a motion for new trial set forth in detail and with particularity the specific grounds or causes therefor. In his Motion for New Trial appellant contends "The Court erred in refusing to instruct the jury on common assault (MAI–CR 6.26) as requested by the defendant." Appellant has failed to set out in his Motion for New Trial the facts in evidence he contends are sufficient to warrant an instruction on common assault. *State v. Cheek,* 413 S.W.2d 231, 238[17] (Mo.1967).

■ Appellant has also failed to preserve his fourth point for review because the point he now makes on appeal with respect to Fred Studer's testimony is not the same objection made during the trial nor in his Motion for New Trial. The transcript of the record demonstrates that the objection made by appellant's counsel at trial to the introduction of the Information in Cause No. 73–2809, the assault of October, 1973, during Mr. Studer's testimony, was that "it does not relate to any relevant issue in this lawsuit." In the Motion for New Trial he contends that this evidence "was irrelevant and improper in that he (Fred Studer) testified that the defendant was to appear in Court on the particular date on a prior alleged crime and that he failed to appear, and that this testimony was admitted over defendant's continuous objection and oral motion for new trial, and that this testimony was part of a common design and scheme on the part of the State to enrage and inflame the emotions of the jurors with irrelevancy, and that said testimony had no bearing on any material issue in this lawsuit." For the first time, on appeal, appellant contends that this evidence of Mr. Studer was improperly admitted because it was evidence of a crime other than that charged. Appellant has shifted the grounds for his objection on this evidentiary issue three times between trial and appeal; therefore, he has preserved nothing for this

court to review. The point as stated in the Motion for New Trial is unsupported by any evidence in the record, a thorough examination of the record demonstrates; it is a different objection to the admission of the evidence than that made at trial. The grounds as stated in the "Issues Presented"[1] portion of appellant's brief are stated in terms unlike those contained in his Motion for New Trial. For the foregoing reasons we will not review these grounds. *State· v. Yowell,* 513 S.W.2d 397, 406[17] (Mo. banc 1974); *State v. Atkins,* 494 S.W.2d 317, 319[2] (Mo.1973); *State v. Davis,* 482 S.W.2d 486, 489[6] (Mo.1972); Rule 28.02.

Judgment affirmed.

GUNN, P. J., and ARTHUR LITZ, Special Judge, concur.

---

1. Rule 84.04 requires that the points relied on for appellate review appear under a portion of the brief identified as "Points Relied On." There is no provision for the categorization "Issues Presented."