**STATE of Missouri, Respondent,**

v.

**Willie McCURRY, Appellant.**

No. 39822.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 5, 1979.

Robert A. Hampe, P.C., St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Illegal possession of Controlled Substances: heroin, amphetamine, and marijuana.

Defendant was convicted by a jury of illegal possession of heroin (Count I), amphetamine (Count II), and marijuana (Count III). He was sentenced to prison terms of fifteen years, five years, and five years respectively; the sentences to run consecutively. We affirm.

On July 28, 1976, the police obtained a valid search warrant for the premises at 2525 North Market, St. Louis, Missouri. A few hours later, they placed the premises under surveillance. They observed defendant walk to the front door, insert a key, and open the door. The officers identified themselves and announced they had a search warrant. Defendant hurriedly opened the door, went inside, and shut the door. The officers immediately forced the door open and saw defendant running through the house from the living room into the "first bedroom." After defendant had entered the "first bedroom," he halted at the command of the officers. The officers observed the defendant holding a bottle of heroin tablets. The defendant was then arrested.

The officers then searched a "second bedroom." From beneath the mattress of a bed in that room the officers seized: a pellet gun, a .38 caliber pistol, and a 30–30 caliber rifle with two cartridge loads. From beneath the bed they seized two calculators and a C B transceiver. The defendant stated that he received some of the items found under the bed and under the mattress in exchange for some heroin and some of the items so found were obtained from an unknown person for a very cheap price. From the top of a dresser in the bedroom the officers seized: a brown paper bag containing marijuana; several bottles containing a tan powder; several bottles containing pills; several measuring spoons; and a telephone bill addressed to defendant at 2525 North Market, St. Louis, Missouri, first floor.

Defendant complains the court below erred by admitting into evidence the telephone bill. When the bill was admitted into evidence the defendant objected that the bill was irrelevant because it was for a one-month period a year prior to the offense. He now contends the bill was hearsay evidence and that this court should reverse under the "plain error" rule. Rule 27.20(c). We find no error in its admission.

■ Defendant's reliance on the hearsay rule is misplaced. The telephone bill was not offered to show the truth of the matters asserted on the face of the bill. It was offered because it was a personal effect of the defendant and it was located in the "second bedroom." Since the amphetamine and the marijuana were found in a jointly controlled residence, further evidence connecting the defendant with those illegal drugs was required. *State v. Wiley*, 522 S.W.2d 281, 292 [20–21] (Mo.banc 1975). The telephone bill and the other personal effects of the defendant found in the "second bedroom" were admissible to show that connection. Annot., 56 A.L.R.3d 948 (1974).

■ Defendant next complains the trial court erred in failing to sustain his motion for judgment of acquittal at the close of the state's case because the state did not

 

prove control. He again asks us to invoke "plain error." First, by putting on evidence in his case, defendant waived any objection to the overruling of the motion. *State v. Covington*, 559 S.W.2d 78, 79 (Mo.App. 1977); *State v. Parcel*, 546 S.W.2d 571, 573 (Mo.App.1977). Second, there was ample evidence to show control. Not only were the drugs found in a room which contained some of the defendant's personal effects, but also the defendant was seen hurrying ahead of the officers toward the room in question when the officers entered. We find no manifest injustice or miscarriage of justice in overruling the motion for judgment of acquittal at the close of the state's case.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.