James **WASHINGTON, Jr.,**
Movant–Appellant,

v.

**STATE of Missouri,**
Respondent–Respondent.

No. 55130.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Jeffrey A. Maassen, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury convicted movant of capital murder and, pursuant to the jury's recommendation, he was sentenced to life imprisonment without eligibility for probation or parole for fifty years. We affirmed the conviction in *State v. Washington*, 707 S.W.2d 463 (Mo.App.1986), wherein a detailed statement of the facts can be found.

In his Rule 27.26 motion movant raised a plethora of allegations in support of his claim counsel was ineffective and one claim of trial court misconduct. Only movant and his trial counsel testified at the evidentiary hearing. The motion court was indulgent at the hearing, permitting movant to express all of his complaints regarding trial counsel. The court made extensive findings of fact and conclusions of law on movant's claims denying them.

On appeal movant challenges the motion court's conclusion that he was not denied the effective assistance of counsel when counsel 1) failed to prevent an Illinois police officer from testifying at trial that movant gave an alias when apprehended, 2) failed to establish at trial including during cross-examination of the pathologist the exact time of the victim's death, 3) failed to depose a state's witness, Chaffen, who's testimony at trial of when movant met him varied from his pretrial statements of alibi, 4) failed to produce or subpoena two potential defense witnesses, Joe Leos and Edith Denton, for trial, 5) was not the attorney of movant's choice, and 6) failed to object to the exclusion of persons of his race from the panel during jury selection.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

■ Although movant contends on appeal that counsel was ineffective for failing to prevent the Illinois police officer from testifying movant gave an alias when arrested, movant did not raise this issue in his motion. In his motion he alleged counsel failed to file a timely motion for disclosure under Rule 25. Movant did not allege or prove what would have been discovered which would have affected the admissibility of the testimony. At trial, counsel objected to the officer's testimony on the ground of relevancy, but was overruled. Counsel cannot be faulted for being unable to prevent the introduction of admissible evidence.

■ Movant's claim on appeal that counsel was ineffective for failing to establish the exact time of the victim's death at trial including during cross-examination of the pathologist is raised in the argument of his brief, but not in a point relied on. Movant has not preserved his claim for appellate review. Rule 84.04(d, e), *State v. Stevenson*, 589 S.W.2d 44, 47 (Mo.App.1979).

Movant's argument that counsel was ineffective for failing to depose a state's witness, Chaffen, who's testimony at trial varied from his pretrial statements of alibi lacks merit. Counsel interviewed Chaffen, but decided as a trial strategy not to call him to support movant's alibi that he was at Chaffen's home with Chaffen and others during the crime. The trial transcript reveals that on cross-examination counsel tried to elicit testimony from Chaffen that movant was with Chaffen at Chaffen's home between 6:00 and 7:00 p.m. in support of the alibi. Chaffen testified that he met defendant between 7:30 and 8:00 p.m. Counsel then asked Chaffen about his prior statements to counsel that defendant left

the house between 6:30 and 7:00 p.m. Chaffen agreed to making such statements, but testified they must have been erroneous. We cannot see how the failure to depose this witness was ineffective assistance of counsel.

Movant's assertions on appeal that 1) counsel was ineffective for failing to subpoena or produce Joe Leos and Edith Denton as witnesses at trial and that 2) counsel was not his chosen attorney are matters not raised in his motion or as contentions at the evidentiary hearing. Issues which should have been presented to the motion court cannot be raised for the first time on appeal. *Stokes v. State,* 671 S.W.2d 822, 824 (Mo.App.1984).

■ Movant's argument that counsel was ineffective for failing to object to and preserve for review the exclusion of persons of his race from the jury panel for relief under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), also lacks merit. As stated by the motion court in its findings and conclusions: "at the time Movant went to trial *Swain v. Alabama,* 380 U.S. 202, 221, 85 S.Ct. 824, 836, 13 L.Ed.2d 759 (1965) was the law of the land and the case of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) was not decided until April 30, 1986." In *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the Supreme Court held that *Batson* "is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final...." *Id. at* 328, 107 S.Ct. at 716. Movant's direct appeal became final on April 7, 1986. Thus, movant had no right to relief under *Batson.*

The findings and conclusions of the motion court, including those not challenged on appeal, are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.