**STATE of Missouri, Plaintiff–Respondent,**

v.

**Patrick David BRYAN, Defendant–Appellant.**

**Nos. 18259, 18262.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied Aug. 17, 1993.

---

James M. Kelly, Republic, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Robert V. Franson, Asst. Pros. Atty., Greene County, Springfield, for plaintiff-respondent.

PREWITT, Judge.

Appellant was charged with first-degree trespass and third-degree assault. Following nonjury trial, he was found guilty of both offenses and given concurrent sentences of 180 days in the county jail with execution of the sentences suspended. Appellant was placed on probation for two years.

On appeal appellant contends that the trial court erred in finding him guilty of

assault in the third degree because he had previously been put to trial for such charge and the charge was dismissed after the introduction of evidence. He claims he has been placed in jeopardy twice for the same offense in violation of the fifth amendment of the United States Constitution. He also claims that the trial court had no authority to reinstate the count charging assault in the third degree because the charge was not reinstated during the term in which it was dismissed, nor was a new indictment or information filed.

■ The record shows that on June 6, 1991, appellant was "found guilty on the record to Trespass first Degree (Ct. I.)" The state then dismissed the second count of the information which charged assault in the third degree. There is no showing in the record that there was any trial on the record, or otherwise, on the assault charge. As the court made no finding on that charge, we must assume the assault charge was not tried and no evidence limited to it introduced.

■ In a nonjury trial jeopardy attaches when evidence is introduced. *State v. Stevenson*, 589 S.W.2d 44, 50 (Mo.App.1979). Appellant has not established that he was previously in jeopardy on the assault charge, nor preserved any error in the court reinstating that charge.

■ On September 16, 1991, appellant requested that the finding of guilty to trespass be set aside and respondent did not oppose that request. The court granted it. Thereafter, on December 23, 1991, trial commenced. Before the introduction of evidence, the state asked that Count II be reinstated, and after discussion, the trial court announced that the court would be "trying this case on both Counts I and II today by agreement of the parties." Appellant did not object. The announcement was consistent with comments previously made by the parties' attorneys. Appellant was found guilty on May 5, 1992 and sentenced on July 9, 1992.

Not only was no objection made on the basis presented on appeal, the record establishes that the trial court proceeded to try both counts with the agreement of the parties. By not raising this matter before the trial court, nothing is preserved for our review. See *State v. Fondren*, 810 S.W.2d 685, 687 (Mo.App.1991); *State v. Lowe-Bey*, 807 S.W.2d 132, 135 (Mo.App.1991). There was no plain error under Rule 30.20.

Appellant filed a motion for leave to file notice of appeal out of time which this court gave No. 18259. Appellant requested such relief in the event this court determined that the appeal numbered 18262 was untimely. As we find the appeal in Case No. 18262 timely, the motion in Case No. 18259 is moot and it is denied.

The convictions are affirmed.

FLANIGAN and GARRISON, JJ., concur.